UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>-v.-<br><br>ANGEL TOMAS ORTIZ,<br>                          Defendant. | 19 Cr. 198 (KPF)<br><br>**ORDER** |

KATHERINE POLK FAILLA, District Judge:

Defendant Angel Tomas Ortiz is currently being held at the Metropolitan Detention Center ("MDC") awaiting sentencing on one count of wire fraud, in violation of 18 U.S.C. § 1343, and one count of aggravated identity theft, in violation of 18 U.S.C. § 1028A, to which he has pleaded guilty. (*See* Dkt. #40 (transcript of guilty plea)). Pursuant to a plea agreement he executed with the Government, Ortiz's stipulated range under the United States Sentencing Guidelines is 42 to 48 months' imprisonment, which includes a mandatory term of 24 months' imprisonment. (*See id.*). Ortiz is currently scheduled to be sentenced on August 20, 2020. (Dkt. #43).

At the time of his arrest, the defendant was released on bail and travelled to New York voluntarily for his initial appearance on January 30, 2019. (*See* Minute Entry for 1/30/2019). At that time, the defendant was released on the bail conditions, including: a $50,000 personal recognizance bond co-signed one financially responsible person, travel limited to the Southern District of New York and Middle District of Florida, surrender of all travel documents and no new applications, pretrial supervision as directed, and drug testing and

treatment as determined by the Pretrial Services Office ("Pretrial Services"). (*See id.*).

Almost immediately after his release on pretrial supervision, the defendant repeatedly violated its terms. As documented by Pretrial Services, the defendant tested positive for marijuana and cocaine numerous times in February, March, April, and May 2019; failed to appear for drug testing multiple times in March, April, and May 2019; admitted using marijuana and cocaine several times per week; failed to appear for an intake appointment for drug treatment in May 2019; and did not report to Pretrial Services as directed. On May 1, 2019, Pretrial Services notified the Court of these violations for the first time, and the parties appeared for a bail revocation hearing on July 3, 2019, at which time the defendant was continued on bail. (*See* Minute Entry for 7/3/2019; Dkt. #26 (transcript of 7/3/2019 hearing)).

The defendant continued to violate the terms of his pretrial supervision by continuing his drug use, despite the stern warnings the Court issued at the bail revocation hearing. Throughout August and September, the defendant continued his drug use, failed to attend drug treatment as required, and failed to report to Pretrial Services as directed. On September 18, 2019, the parties again appeared for a bail revocation hearing, at which time the Court ordered the defendant to complete inpatient drug treatment. (*See* Minute Entry for 9/18/2019; Dkt. #25). However, on November 7, 2019, the defendant was expelled from the inpatient drug treatment program for non-compliance, including use of synthetic marijuana. On November 19, 2019, the parties

appeared for a third bail revocation hearing, at which time the Court revoked Ortiz's bail pursuant to 18 U.S.C. § 3148 on the basis that the defendant was not willing or able to refrain from drug use, even while attending an inpatient drug treatment program, and thus finding that the defendant both posed a danger to himself and the community and demonstrated that he was unlikely to abide by any conditions of release. (*See* Minute Entry for 11/19/2019; Dkt. #35 (transcript of 11/19/2019 hearing)). On February 6, 2020, the Court denied the defendant's renewed motion for bail in light of the defendant's history in pretrial supervision and opportunities for relapse. (*See* Minute Entry for 2/6/2019).

Ortiz now moves for release on conditions of bail, citing 18 U.S.C. § 3142(i). (Dkt. #44). He argues that due to the COVID-19 pandemic and related conditions at the MDC, he is being subjected to a level of punishment far greater than people generally experience in federal prisons. (*See id.* at 5-6). Mr. Ortiz acknowledges, however, that he does not have any health conditions that put him at higher risk for COVID-19. (*Id.* at 1). He explains that, if released, he will live with his mother in the Bronx, which is where he lived with his family prior to his incarceration. (*Id.*). The Government opposes Ortiz's motion. (Dkt. #45).

There is no dispute that the Court has authority to grant Ortiz's temporary release pursuant to § 3142(i), which provides that a court "may ... permit the temporary release of the person, in the custody of a United States marshal or another appropriate person, to the extent that the judicial officer

determines such release to be necessary for preparation of the person's defense or for another compelling reason." *See also United States* v. *Perez*, No. 19 Cr. 297 (PAE), 2020 WL 1329225, at *1 (S.D.N.Y. Mar. 19, 2020) (granting release pursuant to § 3142(i) in light of COVID-19); *United States* v. *Stephens*, No. 15 Cr. 95 (AJN), 2020 WL 1295155, at *2 (S.D.N.Y. Mar. 19, 2020) (same). In considering whether there is a "compelling reason" for a defendant's release under this provision, however, a court must "balance the reasons advanced for such release against the risks that were previously identified and resulted in an order of detention. In turn, whether temporary release under § 3142(i) is proper requires the individualized analysis of the facts of each case." *United States* v. *Cox*, No. 2:19 Cr. 271 (RFB) (VCF), 2020 WL 1491180, at *2 (D. Nev. Mar. 27, 2020).

Applying that analysis here, the Court denies Ortiz's motion substantially for the reasons stated in the Government's opposition. Ortiz has shown, by his past conduct, that he is unable or unwilling to abide by the terms of pretrial supervision, despite multiple warnings from both Pretrial Services and the Court. In his current bail application, Ortiz proposes residing with his mother at her residence in the Bronx. But Ortiz was previously residing with his mother at her residence in the months that he was subject to pretrial supervision and nevertheless persisted in his drug use and failed to report to Pretrial Services or for treatment. The Court has no assurance that Ortiz will be in a better position to abide by pretrial supervision while residing with his mother this time around. Ortiz's generalized concern regarding COVID-19 does

not suffice to show a change in circumstances warranting reconsidering of the Court's prior determination, especially in light of the measures implemented by the MDC to ensure the safety of the inmates there. Sister courts in this District have regularly rejected applications for release based on assertions about the generalized risks of COVID-19. *See, e.g., United States* v. *Paulino*, No. 19 Cr. 54 (PGG) (S.D.N.Y. Apr. 13, 2020) (Gardephe, J.) (denying bail application by 29-year-old defendant with hypertension who committed an armed robbery, stating that "[a]s serious as it is, the outbreak of COVID-19 simply does not override the statutory detention provisions [of the Bail Reform Act]"); *United States* v. *Nunez*, No. 20 Cr. 239 (ER) (S.D.N.Y. Apr. 10, 2020) (Ramos, J.) (rejecting bail application based on COVID-19 and noting that "because there is a pandemic does not mean that the jailhouse doors ought to be thrown open"); *United States* v. *Matias*, No. 20 Cr. 40 (LTS) (S.D.N.Y. Apr. 9, 2020) (Swain, J.) (denying bail application based on COVID-19 of MCC inmate charged with narcotics trafficking and § 924(c) offenses, finding that defendant had failed to rebut presumption that he posed a danger to the community and that COVID-19 did not support temporary release under Section 3142(i)).

Accordingly, Ortiz's motion for temporary release is DENIED. The Clerk of Court is directed to terminate the motion at docket entry 44.

SO ORDERED.

Dated: May 18, 2020
New York, New York

_____
KATHERINE POLK FAILLA
United States District Judge